(No. 2262—

FOREMAN-STATE SAFETY VAULT CO., A CORPORATION, (FORMERLY THE FOREMAN SAFETY VAULT CO., A CORPORATION), Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1937.*

D'ANCONA, PFLAUM & KOHLSAAT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint in this action alleges that on the 1st day of July, 1929, a written lease was entered into by and between the Foreman-State Safety Vault Co., and the State of Illinois, for the premises described as 1309 square feet situated in the tower on the twenty-fourth floor of the building known as The Foreman National Bank Building, located at 33 North LaSalle Street, Chicago, Illinois, for a two year term, be-

·ginning with the 1st day of July, 1929, for an annual rental of Five Thousand Four Hundred Nineteen and 26/100 ($5,419.26) Dollars, payable monthly at the rate of Four Hundred Fifty-One and 61/100 ($451.61) Dollars, in advance, on the first day of each and every month during the term of the lease.

The lease was signed on behalf of the State by Col. S. O. Tripp, Acting Assistant Quartermaster General of the State of Illinois.

It is alleged that at the expiration date of the above mentioned lease, it was mutually agreed in writing to extend the same from July 1, 1931 to June 30, 1933, both inclusive, with rental at the same amount. It is further alleged that this extension agreement was executed by Col. S. O. Tripp, and approved by C. E. Black, Adjutant General of the State of Illinois. It is also alleged that the premises were duly occupied by the State of Illinois, for and during the months of March, April, May and June of the year 1933, in accordance with the terms, covenants and conditions contained in the foresaid lease and the renewal thereof, but notwithstanding the terms of the lease, the State paid a rental of Three Hundred Dollars ($300.00) per month for said months of March, April, May and June of the year 1933, thereby becoming indebted to the claimant for the sum of One Hundred Fifty-One and 61/100 ($151.61) Dollars for each of said months, and the claimant alleges that the sum of Six Hundred Six and 44/100 ($606.44) is the balance due.

The leases were offered in evidence.

Evidence was taken by stipulation and it appears that on March 6, 1933, the claimant wrote General Black confirming a conversation that claimant had with General Black concerning the lease and a renewal thereof for 1200 square feet, being 109 square feet less than covered by the original lease. In this letter they offered to renew the lease for a two year extension at the rate of $3600.00 per annum, which was a reduction of 33½% from the then rate, and they further agreed that in consideration of this extended period, they would modify the lease then in existence so that the rate to be paid for balance of the term commencing March 1, 1933, would be at the same rate as that for the extended period, and asked for a reply within a reasonable time. The record

does not disclose any reply. The Adjutant General states that he has conferred with all lessors regarding a reduction of rent for the last four months of the biennium ending June 30, 1933, and one of the lessors was the plaintiff in this case, and the Adjutant General refers to a conference he had with claiments concerning a reduction of rent for the balance of the biennium to the annual rate of $3600.00, and he states: "This was agreed to in consideration of an extended period at the same rate for 2 years from July 1, 1933." He further states "The credits were accordingly taken on this basis." The General states that afterwards they agreed to extend the lease from July 1, 1933 to April 30, 1934, at the same rate, and in view of this agreement the lease was extended accordingly at the rate of $338.70 per month for this shorter period.

The original letter written to the Adjutant General and upon which they asked a reply, offered a two year extension at the rate of $3600.00 per annum, and agreed to a $300.00 monthly rental for the four months above mentioned.

No action was taken on the letter of March 6, 1933 but later the lease was extended from July 1, 1933 to April 30, 1934, on the basis of $4,064.40 per annum, payable monthly at the rate of $338.70.

It is apparent, therefore, that as a part of the consideration for such extension they would modify the then pending lease so the rental for the last four months thereof would be $300.00 monthly instead of $451.61. This offer not having been accepted by the State and a renewal having been made at a different rental than for a ten month period, the State was not entitled to a reduction in the rent for the last four months of the lease then pending.

We, therefore, hold that because the terms of the offer in the letter of March 6, 1933 which placed obligations on the respondent were not accepted by the respondent, the claimant is entitled to an additional $151.61 for each of said months, or a total of $606.44.

We, therefore, enter an award in favor of the Foreman-State Safety Vault Co., a corporation, in the sum of Six Hundred Six Dollars and Forty-Four Cents ($606.44.)